IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RANDOLPH G. GUEVARRA,<br><br>Plaintiff,<br><br>vs.<br><br>OHANA CLIPS LLC DBA GREAT CLIPS,<br><br>Defendant. | CIV. NO. 26-00402 HG-WRP<br><br>FINDINGS AND RECOMMENDATION TO DISMISS ACTION WITHOUT PREJUDICE |

FINDINGS AND RECOMMENDATION TO DISMISS ACTION WITHOUT PREJUDICE

On July 28, 2026, Randolph G. Guevarra (Plaintiff), proceeding without counsel, filed the Complaint for employment discrimination against Defendant Ohana Clips LLC dba Great Clips. See Complaint, ECF No. 1. The Complaint was not accompanied by a filing fee or an application to proceed *in forma pauperis*. See Deficiency Order, ECF No. 2.

On July 28, 2026, the Court issued a Deficiency Order, which instructed Plaintiff to "either pay the statutory filing fee of $350.00 and the administrative fee of $55.00, or submit a fully-completed *in forma pauperis* application within twenty eight days (including weekends and holidays) of this Order." Id. at 1. Plaintiff's payment of the filing fee or submission of an *in forma pauperis* application was therefore due on August 25, 2026. The Deficiency Order

further advised Plaintiff that failure to comply with its instructions "will result in AUTOMATIC DISMISSAL[] of this action for failure to prosecute or otherwise follow a court order." Id. at 1-2 (citations omitted).

Plaintiff has taken no action in this case since filing the Complaint. In particular, Plaintiff has not paid the filing fee or submitted an *in forma pauperis* application. As such, according to the Deficiency Order, automatic dismissal is warranted.

Federal courts have the authority to dismiss cases for failure to prosecute or failure to comply with court orders. See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)). In doing so, the Court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Id. (citing Ferdik, 963 F.2d at 1260-61). Here, after careful consideration of each factor, as well as the language of the Deficiency Order, the Court FINDS and RECOMMENDS that this case be DISMISSED WITHOUT PREJUDICE for failure to comply with the Deficiency Order and failure to

prosecute this case.[1]

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, September 14, 2026.

Wes Reber Porter
United States Magistrate Judge

Guevarra v. Ohana Clips LLC dba Great Clips; CIVIL NO. 26-00402 HG-WRP; FINDINGS AND RECOMMENDATION TO DISMISS ACTION WITHOUT PREJUDICE.

[1] Within fourteen days after a party is served with the Findings and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), a party may file written objections in the United States District Court. A party must file any objections within the fourteen-day period to preserve appellate review of the Findings and Recommendation.